IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BANCROFT MORSE, *et al.*, | No. C 10-00628 SI |
| Plaintiffs, | **ORDER GRANTING MOTIONS TO COMPEL ARBITRATION** |
| v. | |
| SERVICEMASTER GLOBAL HOLDINGS INC., *et al.*, | |
| Defendants. / | |

Defendants' motions to compel arbitration are currently scheduled for hearing on July 29 and August 5, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearings. Having considered the papers submitted, and for good cause shown, the Court GRANTS defendants' motions.

**BACKGROUND**

This case is related to *Pablo v. ServiceMaster Global Holdings, Inc.*, Case No. 08-3894, a putative class action pending before this Court. On August 17, 2009, the Court denied plaintiffs' motion to certify a class action in *Pablo*. *See* Case No. 08-3894, Doc. 49. The specific allegations in *Pablo* are discussed in more detail in the August 2009 Order. Since August 2009, dozens of individuals who would be class members in *Pablo* have filed suit independently, in eight cases that have been related by the Court, setting forth similar or identical claims.

Twenty three individuals filed this related action on February 12, 2010. *See* Compl. (Doc. 1). As in *Pablo*, they bring claims against defendants ServiceMaster Global Holdings, Inc., the

ServiceMaster Company, the Terminix International Company, L.P., and Terminix International, Inc. (collectively "Terminix" or "defendants"). They allege six claims for violations of the California Labor Code and Wage Orders: (1) failure to pay overtime (Cal. Labor Code §§ 510, 1194, 1197, Wage Order No. 5); (2) failure to pay full wages when due (§§ 220, et seq., 1194, 1198, 1199); (3) failure to keep proper records (§§ 226, 1174, 1174.5, Wage Order No. 5); (4) failure to provide meal and rest breaks (§ 226.7); (5) failure to indemnify for necessary expenditures (§ 2802); and (6) failure to pay minimum wage (§ 1197). Plaintiffs also allege that these violations constitute unfair business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et. seq.

Eighteen of the plaintiffs are the subject of these motions to compel arbitration. All of these eighteen plaintiffs signed agreements to arbitrate "[a]ny dispute arising out of [their] employment and/or termination of employment with Employer" or "[a]ny dispute arising out of [their] employment with Employer, including termination of employment and all statutory claims": Marco Alday (on February 4, 2008); Percy Bickerstaff (on November 6, 2001); George Blackwell (on January 23, 2001); Thavarath Chan (on September 7, 2006); Eliodor Craioveanu (on June 11, 2009); Kristof Czeczko (on February 5, 2007); Frantz Desvarieux (on November 6, 2001); Clinton Drummer (on February 6, 2002); Wayne Easley (on October 29, 2007); Romero Omar Galeno (on April 26, 2007); Eduardo Gabriel Livraga (on October 1, 2003); Monte McGuire (on May 10, 2006); James McWilliams (on November 9. 2001); Daniel Bancroft Morse (on November 6, 2001); Edward Van Til (on March 28, 2006); Jaime Vasquez (on May 14, 2009); Henry Washington (on April 4, 2005); and Darius Webster (on December 29, 2004). *See* Decl. of Monique Ngo-Bonnici in Supp. of Def. Mot. to Compel Arbitration of Pl. Thavarath Chan ("Ngo-Bonnici Decl.") (Doc. 74), Ex. A.

The agreements signed by plaintiffs Bickerstaff, Blackwell, Czeczko, Desvarieux, Drummer, Livraga, McWilliams, and Morse also contained provisions entitled "Governing Law" that stated: "This Agreement will be governed and construed in accordance with the Federal Arbitration Act; provided, however, to the extent substantive state law is applicable, the laws of the State of Tennessee shall apply [without regard to state conflict law]." *See id.* (brackets in original).

## LEGAL STANDARD

When a court is confronted with a motion to compel arbitration, section 4 of the Federal Arbitration Act ("FAA") states "the court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. 4 (2005). The FAA is applied in both federal diversity cases and state courts, where it preempts state statutes invalidating such agreements. *See Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 271 (1995) (discussing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 405 (1967)).

Previous cases have determined that arbitration agreements do not weaken protections afforded by substantive law and, as a result, parties may compel the arbitration of statutory employment claims. *See E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 750 (9th Cir. 2003) (en banc) (*overruling Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir. 1988)); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (holding statutory claims may be the subject of an arbitration agreement and are enforceable pursuant to the FAA). "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). Therefore, if an arbitration agreement is valid, a district court has no discretion to deny a motion to compel arbitration. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

A party may waive its right to arbitrate. However, waiver of a contractual right to arbitration is not favored, and as a result, any party arguing waiver of arbitration bears a heavy burden of proof. *See Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.*

## DISCUSSION

Defendants move to compel eighteen named plaintiffs to arbitrate their claims. Those plaintiffs

argue that defendants have waived their right to arbitrate by litigating this and eight other related cases. Additionally, eight of the plaintiffs argue that their arbitration agreements contain unconscionable choice of law provisions.

This case is somewhat unique. While each plaintiff brings an individual claim, almost two dozen of them have joined together to file this law suit together. This lawsuit is related to seven other law suits, brought by fifty-four individual plaintiffs. It is also related to a putative class action lawsuit, and almost every plaintiff in this case filed a declaration in support of the renewed motion to certify the class in that case. All nine cases raise six identical legal claims (and several, including this case, raise a seventh). All plaintiffs are represented by the same attorneys. Thus, there is significant evidence that plaintiffs in this case, had they been compelled to arbitrate their claims prior to the Supreme Court's opinion in *AT&T v. Concepcion*, 131 S. Ct. 1740 (2011), might have attempted to arbitrate their claims on a classwide basis. Under California law at that time, they would have been permitted to do so, even if defendants had not consented to class arbitration in the arbitration clause, as defined by *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 130 S. Ct. 1758 (2010). *See Discover Bank v. Superior Court*, 36 Cal.4th 148 (2005), *abrogated by Concepcion*, *supra*, 131 S. Ct. 1740; *see also Gentry v. Superior Court*, 42 Cal. 4th 443, 450 (2007) (applying the rule in *Discover Bank* to "employees whose statutory rights to overtime pay . . . allegedly have been violated").

Under the unique circumstances presented by this case, plaintiffs have not met their burden to demonstrate waiver under the *Fisher* test. Plaintiffs do not argue that defendants could have arbitrated these claims individually before *Concepcion*. Nor do they argue that the agreement permitted class arbitration, and therefore that it was enforceable in California as written prior to the Supreme Court's opinion in *Concepcion*.[1] But plaintiffs' waiver arguments are all based on actions taken by defendant before *Concepcion* was decided. In *Concepcion*, the Supreme Court held that "'changes brought about by the shift from bilateral arbitration to class-action arbitration' are 'fundamental.'" *Concepcion*, 131

---

[1] *Concepcion* rejected the reasoning and precedent behind *Gentry*, which had applied the *Discover Bank* rule to certain employment cases, even if it did not explicitly overrule *Gentry*. *But see Brown v. Ralphs Grocery Co.*, --- Cal. Rptr. 3d ----, 2011 WL 2685959, *5 (Cal. App. 2011), *as modified by* --- Cal. Rptr. 3d ----, 2011 WL 2892118 (holding that *Concepcion* "does not provide that a public right, such as that created under the [Private Attorney General Act of 2004], can be waived if such a waiver is contrary to state law").

4

S. Ct. at 1750 (quoting *Stolt-Nielsen S.A. v. Animal Feeds Int'l Corp.*, 130 S. Ct. 1758, 1776 (2010)). This "fundamental" shift in how the arbitration would occur means that defendants did not act inconsistently with a known existing right to compel arbitration. Given the evidence that plaintiffs would likely have attempted to arbitrate their claims on a classwide basis had defendants moved to compel arbitration before *Concepcion* was decided, plaintiffs have failed to demonstrate that defendants waived their right to arbitration under the *Fisher* test.

Plaintiffs Bickerstaff, Blackwell, Czeczko, Desvarieux, Drummer, Livraga, McWilliams, and Morse all argue that their arbitration agreements are unconscionable because the arbitration agreements displace California labor laws. They base their argument on a clause in the agreements that states that they "will be governed and construed in accordance with the Federal Arbitration Act; provided, however, to the extent substantive state law is applicable, the laws of the State of Tennessee shall apply [without regard to state conflict law]." *See* Ngo-Bonnici Decl., Ex. A (brackets in original). This clause appears to govern the interpretation of the arbitration agreement only, and does not appear relate to the substantive legal claims that are subject to arbitration. Plaintiffs' objection to this clause is overruled, without prejudice to their renewing their argument before the arbitrator if defendants attempt to preclude plaintiffs from raising California labor law claims.

## CONCLUSION

For the foregoing reasons and for good cause shown, defendants' motions to compel arbitration are GRANTED. (Docs. 73, 76, 79, 80, 85, 88, 91, 94, 97, 100, 103, 106, 109, 112, 115, 121, 124, 127.)

**IT IS SO ORDERED.**

Dated: July 27, 2011

SUSAN ILLSTON
United States District Judge

5