1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL BANCROFT MORSE, *et al.*,

          Plaintiffs,

  v.

SERVICEMASTER GLOBAL HOLDINGS
INC., *et al.*,

          Defendants.

_____/

No. C 10-00628 SI

**ORDER RE: MOTIONS TO COMPEL
ARBITRATION**

      Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., the Terminix International Company, L.P., and Terminix International, Inc. filed three individual motions to compel the arbitration of plaintiffs Toby Spencer, Eugene Nguyen, and Christian Martinez's consolidated, individual actions.  Plaintiffs filed a consolidated opposition, and defendants filed a consolidated reply.  The Court has found this matter appropriate for disposition without oral argument. *See* Civil Local Rule 7-1(b).  Having considered the parties' papers and the evidentiary record, the Court hereby GRANTS defendants' motion to compel arbitration of plaintiff Toby Spencer, and DENIES defendants' motions to compel arbitration of plaintiffs Eugene Nguyen and  Christian Martinez.

**BACKGROUND**

**1.      Factual Background**

      Toby Spencer was employed by defendants as an Outside Sales Professional from February 1, 2001, to May 9, 2007. Charles Decl. ¶4 (ECF No. 265-1). On November 8, 2001, Spencer signed an

employment agreement with defendants. *Id.* ¶5; Ex. A. That agreement includes an arbitration clause, which incorporates by reference another arbitration agreement between the parties that was executed the same day. *Id.* ¶5; Exs. A-B.

Eugene Nguyen was employed by defendants as an Outside Sales Professional from September 9, 2008, to August 3, 2010. Charles Decl. ¶5 (ECF No. 264-1). On February 25, 2010, Nguyen signed a "Handbook Acknowledgment Form," which includes an arbitration clause that states: "[b]y signing this acknowledgment form I also agree to utilize ServiceMaster's alternative dispute resolution program, *We Listen*[,] to resolve any and all work-related disputes/concerns and to arbitrate such disputes if they are not resolved." *Id.* ¶7; Ex. C (emphasis original). That same day, the parties executed the "2010 Compensation Plan Summary" (hereinafter "Nguyen Arbitration Agreement"), which includes a similar arbitration clause: "Participation in this compensation Plan is contingent upon your agreement to utilize ServiceMaster's alternative dispute resolution program 'We Listen' to resolve any and all work-related disputes/concerns and to mediate/arbitrate such disputes if they are not resolved." *Id.* ¶8; Ex. D.

Christian Martinez was first employed by defendants as an Outside Sales Professional from May 1, 2008 to December 12, 2008. Charles Decl. ¶6 (ECF No. 263-1). Defendants rehired Martinez on February 22, 2011, in the same capacity, a position he held until August 1, 2011. *Id.*

Martinez signed four different forms on the day defendants rehired him, all of which defendants purport to contain arbitration agreements that govern this dispute. *Id.* ¶¶7-9; Exs. B-E. The first form is an arbitration agreement entitled, "The Terminix International Company Limited Partnership Arbitration Agreement" (hereinafter "Martinez Arbitration Agreement"). *Id.* ¶7; Ex. B. The second form is entitled "Handbook Acknowledgment Form" and is identical in all respects to the "Handbook Acknowledgment Form" Nguyen signed, including its arbitration acknowledgment clause. *Id.* Ex. C. The third form is entitled "We Listen Acknowledgment Form." *Id.* Ex. D. In addition to acknowledging receipt of the employee handbook, this form reiterates the arbitration guidelines of the Martinez Arbitration Agreement. *Id.* The fourth form, a confidentiality and non-compete agreement, contains an arbitration clause that incorporates the Martinez Arbitration Agreement by reference. *Id.* Ex. E.

United States District Court
For the Northern District of California

### 2.      Procedural History

As of May 30, 2008, plaintiffs Spencer, Nguyen, and Martinez were putative class members in the matter of *Pablo v. ServiceMaster Global Holdings, Inc.*, Civ. 08-03894, an action that proceeded before this Court.  That putative class action sought redress for overtime, meal- and rest-break, and business expense reimbursement and other derivative claims under California law.  On February 12, 2010, before class certification in *Pablo* was denied, a number of putative class members, including Spencer, Nguyen, and Martinez, filed individual actions in several consolidated complaints alleging the same or substantially similar claims.[1]  Defendants moved to compel all of the individual plaintiffs to arbitration, with the exception of the putative class representatives and the instant plaintiffs. The Court granted all but one of defendants' motions.[2]

Defendants have since filed three separate motions to compel Spencer, Nguyen, and Martinez into arbitration.  ECF Nos. 263-65.  Defendants allege that each plaintiff entered into an enforceable arbitration agreement which applies to all their claims, including those claims that arose *prior* to the execution of the relevant arbitration agreements.  In particular, defendants allege that even where plaintiffs signed arbitration agreements *after* they had already filed suit in this Court, the arbitration agreements are retroactive and require plaintiffs to arbitrate those claims.

Defendants argue that the arbitration agreements are retroactive on their face, or alternatively, that the retroactivity of the arbitration agreements is latently ambiguous and therefore requires arbitration under the Federal Arbitration Act's rules of construction.  Plaintiffs argue that the arbitration agreements are not plainly or ambiguously retroactive, and therefore all claims that predate the arbitration agreements should proceed before this Court.

---

[1] The individual actions were: <u>Morse v. ServiceMaster Global Holdings, Inc.</u>, N.D. Cal. Case No. 3:10-cv-0628-SI; <u>Ribeiro v. ServiceMaster Global Holdings, Inc.</u>, N.D. Cal. Case No. 3:09-cv-5154-SI;  <u>Westcott v. ServiceMaster Global Holdings, Inc.</u>, N.D. Cal. Case No. 3:09-cv-5150-SI; <u>Vazquez v. ServiceMaster Global Holdings, Inc.</u>, N.D. Cal. Case No. 3:09-cv-5150-SI; <u>Nakano v. ServiceMaster Global Holdings, Inc.</u>, N.D. Cal. Case No. 3:09-cv-5152-SI; <u>Richardson v. ServiceMaster Global Holdings, Inc.</u>, N.D. Cal. Case No. 3:09-cv-4044-SI; <u>Kanaday v. ServiceMaster Global Holdings, Inc.</u>, N.D. Cal. Case No. 3:09-cv-5153-SI; and <u>Hayes v. ServiceMaster Global Holdings, Inc.</u>, N.D. Cal. Case No. 3:10-cv-3887-SI.

[2]  In the one instance where the Court denied the motion, defendants had waived their right to compel arbitration by filing a motion for partial summary judgment against that plaintiff. ECF No. 141.

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

The Federal Arbitration Act ("FAA") permits "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4.  Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration.  *Id.*

The Supreme Court has stated that the FAA espouses a general policy favoring arbitration agreements.  *AT&T Mobility v. Concepcion*, 131 S.Ct. 1740, 1745-46 (2011).  Federal courts are required to rigorously enforce an agreement to arbitrate.  *Id.*  Courts are also directed to resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration."  *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 476-77 (1989).

In determining whether to issue an order compelling arbitration, the court may not review the merits of the dispute but must limit its inquiry to (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitrate, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate.  *See Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477-478 (9th Cir. 1991), *cert. denied*, 503 U.S. 919 (1992).  If the answer to each of these queries is affirmative, then the court must order the parties to arbitration in accordance with the terms of their agreement.  *See* 9 U.S.C. § 4.

However, the strong presumption in favor of arbitration "does not confer a right to compel arbitration of any dispute at any time."  *Volt*, 489 U.S. at 474.  The FAA provides that arbitration agreements are unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law.  *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).  This is because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).  Accordingly, the Court reviews plaintiff's arbitration agreement in light of the "liberal federal policy favoring arbitration," *Concepcion*, 131 S.Ct. at 1745, and considers the enforceability according to the

4

laws of the state of contract formation.  *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Ingle v. Circuit City Stores*, 328 F.3d 1165, 1170 (9th Cir. 2003).

United States District Court
For the Northern District of California

### DISCUSSION

**1.      The Arbitration Agreement Between Defendants and Plaintiff Spencer**

Spencer does not challenge defendants' instant motion to compel him into arbitration, apart from incorporating the arguments contained in the other individual plaintiffs' consolidated opposition to defendants' earlier motions to compel them into arbitration, discussed *supra*.  *See* ECF No. 267 at 3. This Court granted those earlier motions to compel arbitration shortly after the order denying plaintiffs' renewed motion for class certification in the related *Pablo* action.  ECF No. 141.  Because Spencer's arbitration agreement is identical, the Court hereby GRANTS defendants' motion to compel Spencer into arbitration on the same grounds as enumerated in its July 27, 2011, order.  *See id.*

**2.      The Arbitration Agreement Between Defendants and Plaintiff Nguyen**

The crux of the immediate dispute is whether the Nguyen Arbitration Agreement, signed February 25, 2010, applies retroactively to claims he asserted in this Court on February 12, 2010. Nguyen contends that because there is no "express, unequivocal" retroactive language in the Nguyen Arbitration Agreement, Ninth Circuit precedent bars this Court from reading such language into the contract.  ECF No. 267 at 7 (*citing Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136 (9th Cir. 1991).  Nguyen argues that the fact that he executed the arbitration agreement thirteen days *after* he filed a lawsuit in this Court further demonstrates that the intent of the parties was not to create a retroactive agreement.  ECF No. 267 at 7 (*citing Carnegie v. H&R Block, Inc.*, 180 Misc. 2d 67, 72 (N.Y. Sup. Ct. Jan. 7, 1999)).  Defendants respond that the language of the Nguyen Arbitration Agreement is expressly retroactive because it uses the language "any and all claims."  ECF No. 268 *passim*.  Moreover, defendants argue that the Ninth Circuit precedent Nguyen relies on for the proposition that retroactive scope must be express and unequivocal controls disputes over whether there

United States District Court

For the Northern District of California

1    was an agreement *at all*, not the temporal scope of an agreement.[3]

2    Without deciding whether contractual language, in general, must be express and unequivocal

3    to be retroactive, the Court agrees with Nguyen that the contractual language *in this case*, "any and all

4    claims," is not retroactive on its face.  As a general matter, "any doubts concerning the scope of

5    arbitrable issues should be resolved in favor of arbitration," even if "the problem at hand is the

6    construction of the contract language itself."  *Moses*, 460 U.S. at 24-25.  Here there is no doubt.  The

7    totality of the clause refers to the *material* scope of the arbitration agreement, not *temporal* scope.  *See*

8    *Hendrick v. Brown & Root, Inc.*, 50 F. Supp. 2d 527, 535 (E.D. Va. June 3, 1999) (explaining that the

9    word "any" only refers to material, and not temporal scope).  When determining the temporal scope of

10   an agreement the Court must look to the surrounding language.  *Id.* Nguyen's complete arbitration

11   clause states:

12       *Participation in this compensation Plan is contingent on your agreement* to utilize
         ServiceMaster's alternative dispute resolution program 'We Listen' to resolve any and
13       all work-related disputes/concerns and *to mediate/arbitrate such disputes if they are
         not resolved.*

14   Charles Decl. Ex. D at 5, ECF No. 264-2 (emphasis added).  This clause is unambiguously prospective

15   for two reasons. First, the phrase "[p]articipation in this compensation Plan is contingent on" plainly

16   admits that the arbitration agreement attaches only to Nguyen's *prospective employment*.  *Id.*  Claims

17   stemming from Nguyen's past employment are not covered by the arbitration agreement because the

18   compensation plan governs Nguyen's employment *going forward*.  Second, the language does not

19   encompass disputes that have already culminated in litigation.  The critical phrase is "if they are not

20   resolved." *Id.*  Nguyen had already filed suit in this Court before executing this agreement.  Thus, that

21   dispute cannot be subject to the "alternative dispute resolution program" as described above.

22   The case that defendant primarily relies upon, *In re Verisign, Inc. Derivative Litigation*, 531 F.

23   Supp. 2d 1173, 1223 (N.D. Cal. Sept. 14, 2007), compels no different result.  The plaintiffs in *Verisign*

24   contended that an auditing firm had failed to perform its services with due care.  *Id.*  The auditing firm

25

26       [3]  Contrary to defendants' position, and as asserted in the Charles Declaration, (ECF No. 264-1),
     the "Handbook Acknowledgment Form" Nguyen signed on November 11, 2009, has no provision that
27   "by signing this form" Nguyen agrees to "arbitrate such disputes." *See* Charles Decl., Ex. B (ECF No.
     264-2).  In fact, the quoted language appears *only* in the February 25, 2010, Nguyen Arbitration
28   Agreement.  Therefore, the Court analyzes only the February 25, 2010, agreement insofar as it applies
     to Nguyen's claims.

1  moved to compel arbitration and argued that the arbitration agreement, although executed after the

2  performance of the audits at issue, was retroactive in scope. *Id.* The *Verisign* court agreed, but in so

3  holding relied upon language that was retroactive on its face. *Id.* at 1224. Specifically, the arbitration

4  agreement stated that it controlled not only prospective services, but "any other services provided" by

5  the firm. *Id.* at 1223-24. Like the instant case, the word "any" gave the arbitration agreement full

6  material scope, but the use of the past tense of "provide[]" extended the agreement to cover past claims.

7  *Id.*

8         Because the arbitration language is not retroactive on its face, defendants' motion to compel

9  arbitration of Nguyen's claims which predate the February 25, 2010, execution of the Nguyen Arbitration

10  Agreement, is DENIED.

11

12  **3.      The Arbitration Agreement Between Defendants and Plaintiff Martinez**

13         Martinez also challenges the retroactivity of the arbitration agreements he signed. Although

14  there are several potential agreements at issue, there is no dispute that both parties assented to the

15  Martinez Arbitration Agreement, executed on February 22, 2011 (Charles Decl. Ex. B, ECF No. 263-1;

16  *see also* Pls.' Opp. 11-12), which states: "[a]ny dispute arising out of Employee's employment and/or

17  termination of employment with Employer will be submitted to binding arbitration in accordance with

18  the then-current National Rules for the Resolution of Employment Disputes of the American Arbitration

19  Association ('AAA') . . . Employer and Employee each expressly waive entitlement, if any, to have any

20  such dispute heard before a court or jury . . . this Agreement applies to any dispute arising out of or

21  related to Employee's employment . . . ." *Id.,* Ex. B at 1. Like Nguyen, that agreement was executed

22  *after* Martinez filed suit in this Court, on February 10, 2010. Although Martinez was later rehired in

23  2011, his February 10, 2010, claims involve his prior period of employment in 2008.[4]

24         Also like Nguyen, the plain language in the agreement is not retroactive. First, similar to the

25  Nguyen Arbitration Agreement, the word "any" refers to the material, not temporal scope of the

26  agreement. *See Hendrick*, 50 F. Supp. 2d at 535. Therefore, the Court must look to the totality of the

27  _____

28         [4]According to plaintiffs' counsel, Martinez has additional claims for his 2011 employment that are not at issue here. ECF No. 267 at 5, fn.5.

arbitration language to determine whether or not the agreement has retroactive effect. *Id.* The language "arising out of or related to Employee's employment," is particularly instructive. Charles Decl. Ex. B at 1, ECF No. 263-1. The use of the present participle "arising" makes it clear that it applies to claims that may arise going forward, not claims that have already accrued. *Hendrick*, 50 F. Supp. 2d at 535. Additionally, while the word "related" is in the past tense, that verbiage seeks to encompass claims that are ancillary to the *prospective* "Employee's employment," which is indicated by the word "arising."

Because there is no doubt that the arbitration language is not retroactive on its face, the Court hereby DENIES defendants' motion to compel plaintiff Martinez into arbitration.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS defendants' motion to compel plaintiff Spencer to arbitration, and DENIES defendants' motion to compel plaintiffs Nguyen and Martinez to arbitration.

**IT IS SO ORDERED.**

Dated: October 4, 2012

SUSAN ILLSTON
United States District Judge