IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BANCROFT MORSE, et al., | Case No. C 10-00628 |
| Plaintiffs, | Related Case Nos. C 08-03894, C 09-04044, C 09-05152, C 09-05153 |
| v. | **ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STAY PROCEEDINGS PENDING APPEAL** |
| SERVICEMASTER GLOBAL HOLDINGS, INC., et al, | |
| Defendants. | |

Now before the Court are defendants' motion to dismiss for lack of subject matter jurisdiction, and defendants' motion to stay proceedings pending appeal of this Court's denial of defendants' motion to compel arbitration. *See* Order Denying Mot. to Compel Arbitration ("Order"), ECF NO. 270. The Court found this matter appropriate for disposition without argument, pursuant to Civil Local Rule 7-1(b). Having considered the parties' arguments, the Court hereby DENIES defendants' motion to dismiss, and DENIES defendants' motion to stay proceedings pending appeal.

**BACKGROUND**

Plaintiffs Eugene Nguyen and Christian Martinez had been employed by defendants as "Outside Sales Professionals," both beginning work at some time in 2008. At different stages of their employment, each plaintiff signed an arbitration agreement. Defendants now argue that these arbitration agreements apply to any and all work-related disputes, including claims which arose prior to the execution of the agreements.

Plaintiffs' lawsuits were filed in February, 2010. Defendants moved to compel arbitration. ECF Nos. 263-65. On October 4, 2012, this Court denied those motions, finding that the language in the

arbitration agreements did not apply to claims which arose prior to the clauses' execution. Order, at 6.

Defendants have now filed a motion to dismiss for failure to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332, arguing that plaintiffs Nguyen and Martinez cannot be awarded more than $63,074 and $34,321, respectively, including expected attorneys' fees. Def. Mot. to Dismiss, ECF No. 277.

In addition, defendants have filed an interlocutory appeal of this Court's denial of their motion to compel arbitration, and have filed a motion to stay these proceedings pending decision on that appeal. Def. Mot. to Stay, ECF No. 280.

## LEGAL STANDARD

### I. Amount in Controversy

A district court has jurisdiction over disputes between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Dismissal on this ground is proper when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). A determination of such "certainty" is warranted only when a rule of law or limitation of damages of a contract would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.* 802 F.2d 362, 364 (9th Cir. 1986).

### II. Stay Pending Appeal

A district court's order denying a motion to compel arbitration does not effectuate an automatic stay of proceedings pending appeal. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). The system created by the Federal Arbitration Act ("FAA") allows a district court to evaluate the merits of the moving party's claim, and to grant or deny a stay as a matter of discretion, dependent on the case's particular facts. *Id.* The party requesting the stay thus bears the burden of showing that the case's circumstances justify favorable exercise of that discretion. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

To determine whether the moving party has met its burden, the Ninth Circuit adheres to a four-

factor test: (1) whether the party has made a strong showing it is likely to succeed on the merits; (2) whether it will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties in the proceeding; and (4) where the public's interest lies. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *Nken*, 556 U.S. at 434.

In weighing these factors, courts apply a "sliding scale," whereby the elements of the test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez*, 640 F.3d at 964. In particular, a moving party who under the first factor cannot satisfy a strong likelihood of success, must at minimum show that its appeal presents "a substantial case on the merits." Courts alternatively articulate this lesser threshold as whether "serious legal issues" are raised. *See Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998). A party meeting this lower threshold is not required to show that it is more likely than not to win on the merits, *Leiva-Perez*, 640 F.3d at 966, but must then demonstrate that the balance of hardships under the second and third factors tilts *sharply* in its favor. *Id.* at 970.

## DISCUSSION

### I.  Subject Matter Jurisdiction

It does not appear that defendants can demonstrate with legal certainty that either of the two plaintiffs will fail to exceed the $75,000 amount-in-controversy requirement, when attorneys' fees are considered.

According to defendants' calculations, damages for plaintiffs Nguyen and Martinez would be $45,000 and $16,000, respectively. The parties differ significantly is projecting the anticipated, or potential, calculation of attorneys' fees. Plaintiffs argue, for example, that attorneys' fees could easily add up to over $75,000 per plaintiff, sufficient *on its own* to pass muster. Defendants arrived at a far lower number by dividing the attorney fee award *pro rata* among the two plaintiffs of this dispute and the 76 other plaintiffs that counsel now represents in related – but now wholly separate, based on defendants' motions to compel – arbitrations. ECF No. 277 at 10-11, n. 24. Plaintiffs Nguyen and Martinez are the only members of this group of 78 who are now before this district court, so the appropriateness or effect of any proration of attorneys' fees with the arbitrating plaintiffs is only

3

conjectural.

The Court declines to speculate on the accuracy of plaintiffs' estimation of damages and attorneys' fees. Defendants' burden is not to raise doubt on these matters, but rather to show that it is virtually impossible for plaintiffs to exceed the amount in controversy. *See Pachinger*, 802 F.2d at 364. Defendants have not done so. Accordingly, defendants' motion to dismiss is DENIED.

## II. Stay Pending Appeal

### A. Substantial Case On the Merits

Defendants argue that their appeal presents a "substantial case on the merits." ECF No. 280 at 3-4. The Ninth Circuit has not clearly defined this key phrase. Often a "substantial case" is one that raises genuine matters of first impression within the Ninth Circuit. *See, e.g., Britton*, 916 F.2d at 1412. Other times, the issue on appeal may implicate a constitutional question, or otherwise address a pressing legal issue which urges that the Ninth Circuit hear the case. *See, e.g., Pokorny v. Quixtar, Inc.,* No. 07—00201 SC, 2008 WL 1787111 at *2 (N.D. Cal. Apr. 17, 2008) (unreported) (granting stay on the ground that the appeal addressed an unsettled split of authority on an important legal issue).

Four recent Northern District cases are instructive.[1] The courts in those cases denied the motions to compel arbitration because they found the underlying contracts unconscionable under California Supreme Court precedent. Yet in each case the court granted the stay because the appeal raised the substantial question of whether the Ninth Circuit, in a matter of first impression, would agree with that state precedent or instead rule that it was preempted by the FAA.

Defendants fail to demonstrate that their appeal implicates similarly substantial questions. Defendants argue that it is a "novel issue" whether broadly worded arbitration clauses as a rule must contain express and unequivocal language in order to trigger retroactive application. ECF No. 280 at 3-4. They argue that this is a matter of first impression for the Ninth Circuit, thus creating a substantial case on the merits. *Id.* The Court recognizes that this Circuit has not squarely addressed the broad

---

[1] *Winig v. Cingular Wireless, L.L.C.*, 2006 U.S. Dist. LEXIS 83116 (N.D. Cal. 2006); *Laster v. T-Mobile USA, Inc.,* 2006 U.S. Dist. LEXIS 88855 (N.D. Cal. 2006); *Ford v. Verisign, Inc., et al.*, 2006 U.S. Dist. LEXIS 88856 (S.D. Cal. 2006); *Bradberry v. T-Mobile USA, Inc.,* No. 06-6567 CW, 2007 WL 2221076 (N.D. Cal. Aug. 2, 2007).

4

question as defendants frame it in their motion. Even assuming that issue is a novel one, it was not the question this Court addressed in the order defendants now appeal. The Court expressly did not reach that broad legal question because it found that the language in and around the arbitration clauses was prospective only. Order at 6 ("[T]he contractual question *in this case*… is not retroactive on its face.") (emphasis in original). Notwithstanding the FAA's strong preference for arbitration where contracts raise doubts, the Court held that "here there is no doubt." *Id.* The Court relied only on the four corners of the contract, and did not rest on or implicate any constitutional issue or pressing legal question in ways similar to the cases discussed above.

### B.     Irreparable Injury to Defendants

Defendants first argue irreparable injury on the ground that they must undergo an extensive and costly litigation process which they sought to avoid by "entering into arbitration agreements." ECF No. 280 at 4. However, the money and time a party must expend in that process, while burdensome, does not alone constitute irreparable injury. *See Bradberry*, 2007 WL 2221076 at 3; *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2011 WL 2293221 (June 8, 2011) (unreported). Moreover, any burden suffered in that process is significantly mitigated in light of the fact that the parties would have experienced lesser but still substantial burdens in the arbitration process defendants prefer.

The case on which defendants rely, *Alascom, Inc. v. ITT North Electric Company*, 727 F.2d 1419 (9th Cir. 1984), is distinguishable. First, the *Alascom* court had compelled arbitration, which is precisely what this Court declined to do. Moreover, that case addressed whether an order staying arbitration could be appealed, and did not consider a court's decision, in the first instance, to deny or grant a stay pending appeal. *Id.* at 1422. Finally, to the extent that *Alascom* is understood to hold that proceeding through litigation necessarily causes irreparable harm, that holding was modified by *Britton*, 916 F.2d at 1412, which gave district courts clear discretionary authority to evaluate each motion based on individual circumstances.

Defendants next argue that they may suffer irreparable injury, absent a stay, if the Ninth Circuit were to reverse this Court's denial of the motion to compel arbitration after further litigation has been conducted. Having to resolve an employment dispute in this Court and again in arbitration would of

5

course constitute a more substantial burden. Yet this scenario is no more than a possibility. The Supreme Court has held that a stay pending appeal may not be granted, regardless of the other factors of the test, unless the moving party makes a threshold showing that irreparable harm is *probable* absent a stay. *Nken*, 556 U.S. at 434.

### C. The Remaining Factors

As defendants fail to satisfy the first two, crucial, factors of this test, it is unnecessary to inquire as to the remaining two factors. *See Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996) (declining to continue analysis where moving party failed to satisfy first factor's threshold requirement).

### CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion to stay proceedings pending appeal, and DENIES defendants' motion to dismiss for lack of subject matter jurisdiction. This Order resolves Docket Nos. 277 and 280.

**IT IS SO ORDERED.**

Dated: January 8, 2013

SUSAN ILLSTON
United States District Judge